Case 5:25-cv-00031-JHY-JCH   Document 40   Filed 08/28/25   Page 1 of 18   Pageid#: 598

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| I-81, LLC, )<br>)<br>    Plaintiff, )<br>    Counterclaim Defendant, )<br>)<br>v. )<br>)<br>Felher Transportation, Inc., )<br>)<br>    Defendant, )<br>    Counterclaim Plaintiff, )<br>    Crossclaim Defendant, )<br>)<br>and )<br>)<br>MVT Leasing, LLC and MVT Services, LLC, )<br>)<br>    Defendants, )<br>    Crossclaim Plaintiffs. )   | Civil Action No. 5:25-cv-00031 |

**MEMORANDUM OPINION**

Plaintiff I-81, LLC ("I-81") brought this action in the Circuit Court for Augusta County, Virginia, to recover costs associated with the recovery, clean-up, towing, and storage of a tractor-trailer combination that crashed on Interstate 81. Defendants Felher Transportation, Inc. ("Felher"), MVT Leasing, LLC, and MVT Services, LLC (collectively, the "MVT entities" or "MVT") removed the case to this court. This matter is before the court on demurrers filed by Felher and MVT prior to removal, which the court will treat as motions to dismiss under Federal Rule of Civil Procedure 12(b). Defendants ask the court to dismiss I-81's claims for lack of subject-matter jurisdiction and for failure to state a claim on which

relief may be granted. For the reasons that follow, the court will grant the motions to dismiss in part and deny them in part.

## I.     Background

### A.  Factual History

On or about February 15, 2024, a tractor-trailer rolled over while exiting Interstate 81 in Augusta County, Virginia. (Compl. ¶¶ 7, 12 (Dkt. 10 at 3–11).) Felher owns the 2017 Kenworth Tractor involved in the accident. (*Id.* ¶¶ 7–8.) One or both MVT entities own the 2020 Hyundai Trailer the tractor was pulling at the time of the incident, which was filled with licorice extract powder. (*Id.* ¶¶ 9, 12.) The accident blocked the interstate exit and spilled licorice powder, oil, and fuel throughout the crash site. (*Id.* ¶¶ 13–14.)

The Virginia State Police, in conjunction with the Virginia Department of Transportation, directed I-81 to recover, clean up, and tow the tractor-trailer in accordance with the Commonwealth's Towing and Recovery Incentive Program ("TRIP"). (*Id.* ¶ 10.) I-81 responded to the TRIP order and worked for over five hours to return the highway to its "pre-Incident conditions" by cleaning up the scene of the accident and towing the tractor-trailer to its storage facility. (*Id.* ¶¶ 11, 17–20.) I-81 stored three rental roll-off containers containing the debris from the accident for three days before disposing of it. (*Id.* ¶ 21.)

Felher and MVT subsequently failed to pay the full invoices for I-81's work, and both the tractor and the trailer remain at I-81's storage facility. (*Id.* ¶¶ 20, 24–25.)

### B.  Procedural History

On February 14, 2025, I-81 filed a complaint against Felher and MVT in the Circuit Court for Augusta County, seeking to recover fees and damages incurred during the recovery,

tow, and storage of the tractor-trailer.  (*See* Compl.)  I-81 claims that it was owed $71,822.95 as of the date of filing, with accruing charges of $150.00 per day for storage of the tractor and $175.00 per day for storage of the trailer.  (*Id.* ¶ 25.)  The complaint alleges three causes of action against MVT and Felher.  Count I seeks to enforce a statutory lien against both the tractor and the trailer under Va. Code § 46.2-644.01 and petitions to sell the tractor and trailer under Va. Code § 46.2-644.03.  (*Id.* ¶¶ 27–38.)  Count II alleges that MVT and Felher have a statutory obligation to reimburse I-81 for its recovery, clean-up, tow, and storage operations associated with the accident under Va. Code § 46.2-1209 and § 46.2-1212.1.  (*Id.* ¶¶ 39–46.)  Count III asserts a claim for unjust enrichment.  (*Id.* ¶¶ 47–53.)

MVT filed a demurrer and answer on April 2, 2025.  MVT's demurrer argues that I-81 fails to plead facts to state any statutory claim against MVT and seeks to recover excessive damages for unjust enrichment.  (*See* MVT Demurrer ¶¶ 6–28 (Dkt. 10 at 53–62).)

Felher filed a combined demurrer and answer on April 4, 2025.  (*See* Felher Demurrer (Dkt. 10 at 90–98).)  In its demurrer, Felher first argues that I-81 fails to allege the facts necessary to establish that the state circuit court had jurisdiction over Count I.  (*Id.* ¶¶ 6–15.)  Felher also argues that Count II fails to state a claim under Va. Code § 46.2-1209, and that Count III seeks damages that are unrecoverable under an unjust enrichment theory.  (*Id.* ¶¶ 16–30.)

On April 4, 2025, Defendants timely removed the case to the United States District Court for the Western District of Virginia based on diversity jurisdiction.  (Notice of Removal at 1 (Dkt. 1).)  After removal, I-81 filed separate briefs in opposition to MVT's and Felher's demurrers.  (I-81 Opp'n to Felher (Dkt. 13); I-81 Opp'n to MVT (Dkt. 14).)  MVT filed a

reply brief in support of their demurrer. (MVT Reply (Dkt. 16).) The court heard argument on the demurrers on August 13, 2025. (Dkt. 39.)

## II.     Standard of Review

Under Virginia law, a demurrer aims to "determine whether the complaint states a cause of action upon which the requested relief may be granted." *Pendleton v. Newsome*, 772 S.E.2d 759, 763 (Va. 2015). A court reviewing a demurrer considers "whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against a defendant." *Id.* When a case is removed to federal court after a defendant files a demurrer, the federal court treats the demurrer as a motion to dismiss under Federal Rule of Civil Procedure 12(b). *See Nelson v. Shockley*, No. 2:18-cv-00025, 2019 WL 2375144, at *1 n.2 (W.D. Va. June 5, 2019); *Morgan v. Wal-Mart Stores E., LP*, No. 3:10CV669, 2010 WL 4394096, at *2 (E.D. Va. Nov. 1, 2010). Repleading after removal "is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2). Here, the parties completed briefing on the demurrers in this court following removal, and the court sees no reason to order any repleading. The court will treat MVT and Felher's demurrers as motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction over a complaint. *See* Fed. R. Civ. P. 12(b)(1). A defendant may bring either a facial or factual challenge to subject matter jurisdiction. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). A facial challenge, which Felher raises in relation to Count I, "contend[s] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks

omitted). "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

### III.   Analysis

#### A. Subject-Matter Jurisdiction

Felher argues that I-81's complaint does not allege enough facts to support the Virginia circuit court's exercise of jurisdiction over Count I. (Felher Demurrer ¶¶ 6–15.) According to Felher, Va. Code § 46.2-644.03(F) provides that a circuit court may hear a petition to sell a vehicle to enforce a lien only if the present value of the vehicle exceeds $25,000. (*Id.*) Felher notes that the complaint does not include any allegations about the present value of the damaged tractor or trailer. (*Id.*)

Even if § 46.2-644.03(F) limits a Virginia circuit court's jurisdiction over petitions like I-81's, it does not control this court's subject-matter jurisdiction upon removal. Defendants

removed this case under 28 U.S.C. § 1441 based on diversity of citizenship. (*See* Notice of Removal ¶¶ 13–22.) When a case is removed under § 1441, the federal court's jurisdiction is not derivative of the state court's jurisdiction prior to removal. *See Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 246 (4th Cir. 2007). Section 1441(f) expressly states that a federal court "to which a civil action is removed under [§ 1441] is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f); *see also Johnson v. Citibank, N.A.*, 63 F. Supp. 3d 545, 553–54 (D. Md. 2014) (stating that § 1441 requires only that the removed case "be pending in some state court located within the district and division of the federal court in which the . . . notice of removal is filed").

Instead, the proper question is whether the removed action falls within the court's diversity jurisdiction. 28 U.S.C. § 1332 authorizes a federal court to exercise diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

The parties have pled sufficient facts to support the exercise of diversity jurisdiction here. Their filings indicate that they satisfy § 1332's diversity-of-citizenship requirement. I-81 is a citizen of Virginia, Felher is a citizen of Texas, and the MVT entities are citizens of New Mexico. (Notice of Removal ¶¶ 16–20; Dkt. 38.) The amount in controversy at the time

of removal exceeded $75,000.[1]  Accordingly, the court may exercise subject-matter jurisdiction over I-81's complaint.

### B. Rule 12(b)(6) Analysis

MVT and Felher raise several, sometimes overlapping challenges to the merits of I-81's claims.  MVT argues that it cannot be liable to I-81 for damages under Va. Code § 46.2-644.01 or § 46.2-1212.1 because those statutes impose direct liability only on the owner of the tractor truck.  (MVT Demurrer ¶¶ 6–16.)  In addition, Felher and MVT both argue that § 46.2-1209 does not provide for any private cause of action in this case.  (Felher Demurrer ¶¶ 16–21; MVT Demurrer ¶¶ 9–13.)  Finally, Felher and MVT argue that I-81's unjust enrichment claim improperly seeks damages that exceed the benefit they realized and retained from I-81's services.  (Felher Demurrer ¶¶ 22–30; MVT Demurrer ¶¶ 17–28.)  The court will address each of these issues in turn.

1. <u>Va. Code § 46.2-644.01 and § 46.2-644.03</u>

Count I of the complaint alleges that I-81 has a lien on the tractor-trailer under Va. Code § 46.2-644.01 and asks the court to enforce the lien by ordering the sale of the tractor-trailer pursuant to Va. Code § 46.2-644.03.  (Compl. ¶¶ 36, 38.)

Section 46.2-644.01 governs liens held by a "keeper of vehicles," which includes a "towing and recovery operator furnishing services involving the towing and recovery of vehicles or clean up related to vehicle collisions." Va. Code Ann. § 46.2-644.01(A).  It provides

---

[1] When evaluating its jurisdiction under § 1332, the court looks to the amount in controversy at the time of removal. *See, e.g.*, *Washington v. Wells Fargo Bank, N.A.*, No. 3:15-cv-741, 2016 WL 1572941, at *2 (E.D. Va. Apr. 18, 2016) (citing *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008)).  I-81's complaint alleges damages of $71,822.95 as of February 14, 2025, with accruing storage charges of $325 per day.  (Compl. ¶ 25.)  Because of those accruing charges, the amount in controversy had increased beyond $75,000 as of the date of removal, April 4, 2025.

that "[e]very keeper of vehicles shall have a lien upon such vehicles for the amount that may be due him for the towing, storage, recovery, and care thereof, until such amount is paid."[2] *Id.* § 46.2-644.01(B). In the case of a "towing and recovery operator furnishing services to a truck, tractor truck, or combination of vehicles, any such lien held shall apply to any power unit, tractor, trailer, or semitrailer in the combination." *Id.* Section 46.2-644.03 authorizes a person who holds a lien under § 46.2-644.01 to petition for a judicial sale of the property subject to the lien, with the proceeds applied to satisfy the debt. *Id.* § 46.2-644.03(A), (B), (F).

Section 46.2-644.01(F) addresses liability for the costs of towing, recovering, and storing a tractor-trailer combination. It states that "in the case of a truck or combination of vehicles, the owner . . . of the truck or tractor truck, shall be liable for the costs of the towing, recovery, and storage of the cargo and of any trailer or semitrailer in the combination." *Id.* § 46.2-644.01(F). The statute then clarifies that "[n]othing in [subsection (F)], however, shall bar the owner of the truck or tractor truck from subsequently seeking to recover from the owner of any trailer, semitrailer, or cargo all or any portion of these towing, recovery, and storage costs." *Id.*

Much of I-81's claim for relief in Count I is uncontested at this stage. Aside from its unsuccessful jurisdictional challenge, Felher does not move to dismiss Count I. (*See* Felher Demurrer ¶¶ 6–15.) For its part, MVT does not dispute that I-81 has an enforceable lien on the tractor and trailer for the costs of towing, removal, and storage, and it does not appear to contest that I-81 may enforce the lien by seeking a judicial sale of both the tractor and trailer.

---

[2] The lien may not exceed the value of the vehicle, as determined by Va. Code § 8.01-419.1. Va. Code Ann. § 46.2-644.01(C).

(*See* MVT Reply at 2.)  But MVT does move to dismiss the claim to the extent it seeks to recover costs from MVT.  (*See* MVT Demurrer ¶¶ 6–8.)  According to MVT, § 46.2-644.01(F) limits direct liability to Felher, the owner of the tractor truck.  (*Id.*)

The court agrees with MVT.  As noted above, when a towing and recovery operator holds a lien on a "truck or combination of vehicles" under § 46.2-644.01, the statute provides that "*the owner . . . of the truck or tractor truck*[] shall be liable for the costs of the towing, recovery, and storage of the cargo and of any trailer or semitrailer in the combination." Va. Code Ann. § 46.2-644.01(F) (emphasis added).  It then notes that the truck or tractor truck owner may "seek[] to recover from the owner of any trailer, semitrailer, or cargo all or any portion of" those costs.  *Id.*  Read together, the provisions in subsection (F) create a scheme where the tractor truck owner is the only party directly liable to the towing and recovery operator for costs.  If the statute also imposed direct liability on the trailer owner, there would be little need to clarify that the tractor truck owner may "subsequently" seek contribution from the trailer owner for all or a portion of the costs.  *Id.*  And no other language in § 46.2-644.01 suggests that an operator may recover damages directly from a trailer owner in cases like this one.

Accordingly, the court will dismiss I-81's claim under § 46.2-644.01 to the extent it seeks to recover costs from MVT.

2. <u>Va. Code § 46.2-1209 and § 46.2-1212.1</u>

Count II of the complaint alleges that Felher and MVT also are liable for towing, recovery, and storage costs under Va. Code § 46.2-1209 and § 46.2-1212.1. (*See* Compl. ¶¶ 39–46.)

Section 46.2-1209 prohibits persons from leaving a "motor vehicle, trailer, semitrailer, or part or combination thereof immobilized or unattended on or adjacent to any roadway if it constitutes a hazard in the use of the highway." Va. Code Ann. § 46.2-1209(B). The statute authorizes law enforcement agents to have an unattended or immobilized tractor-trailer removed from a roadway and transported to a storage area for safekeeping. *Id.* It then states that "[b]efore obtaining possession of the motor vehicle, trailer, semitrailer, or combination, its owner or successor in interest to ownership shall pay to the parties entitled thereto all costs incidental to its removal or storage." *Id.*

Section 46.2-1212.1 similarly gives state and local law enforcement the authority to remove certain vehicles, cargo, and personal property without the owner's consent following a motor vehicle accident or incident. *Id.* § 46.2-1212.1(A). It specifically authorizes the removal of a vehicle, cargo, or property that "has been (i) damaged or spilled within the right-of-way or any portion of a roadway in the primary state highway system and (ii) is blocking the roadway or may otherwise be endangering public safety," as well as the removal of hazardous materials. *Id.* Section 46.2-1212.1 also requires that a towing and recovery operator be reimbursed for removing a vehicle under the statute. It states that

> The *owner and carrier*, if any, *of the vehicle, cargo, or personal property* removed or disposed of under the authority of this section *shall reimburse* the Department of Transportation, individuals or entities acting on behalf of a Department of Transportation safety service patrol program as defined in subsection B of § 46.2-920.1, individuals or entities acting pursuant to a contract with the Department of Transportation for, or that includes, traffic incident management services as defined in § 46.2-920.1, the Department of State Police, the Department of Emergency Management, local law-enforcement agencies, and local public safety agencies *for all costs incurred in the removal and subsequent disposition of such property.*

*Id.* § 46.2-1212.1(C) (emphasis added).

Here, the parties do not dispute that I-81 removed the tractor-trailer pursuant to law enforcement directives that fell within § 46.2-1209 and § 46.2-1212.1. But Felher and MVT argue that § 46.2-1209 does not create a private cause of action for damages. (Felher Demurrer ¶¶ 16–21; MVT Demurrer ¶¶ 9–13.) MVT also moves to dismiss the claim under § 46.2-1212.1. It argues that § 46.2-1212.1, like § 46.2-644.01, does not impose direct liability on the owner of a trailer in a tractor-trailer combination. (*See* MVT Demurrer at 1; MVT Reply at 4–5.)

>   i. *Va. Code § 46.2-1209*

Felher and MVT argue that § 46.2-1209(B) does not authorize a towing and recovery operator that removed a tractor-trailer to bring a civil action to recover costs. (Felher Demurrer ¶¶ 16–21; MVT Demurrer ¶ 6.) Instead, they argue, the statute requires the owner of a tractor or trailer to pay for costs only if they wish to regain possession of their property. (*Id.*) There is no indication that Felher or MVT has sought to regain possession here, so they argue that I-81 cannot seek damages under § 46.2-1209(B).

The court agrees that § 46.2-1209(B) does not provide for a private cause of action here. The section does not contain any express language authorizing civil claims for damages. When a statute is silent on the matter, courts "have no authority to infer a statutory private right of action without demonstrable evidence that the statutory scheme necessarily implies it." *Cherrie v. Va. Health Servs., Inc.*, 787 S.E.2d 855, 858 (Va. 2016). "The necessity for such an implication must be palpable." *Id.*

Nothing in the statutory scheme suggests that § 46.2-1209 creates an implied private cause of action, at least in this case. A comparison with § 46.2-1212.1, which does create a

- 11 -

private cause of action, is instructive. *See* Va. Code Ann. § 46.2-1231.2 (stating that a towing and recovery operator may recover attorney's fees in a "civil action . . . to recover allowable costs pursuant to § 46.2-1212.1"). Section 46.2-1212.1(C) states that the owner of a vehicle, cargo, or personal property removed subject to the statute "shall reimburse" the towing and recovery operator "for all costs incurred in the removal and subsequent disposition of such property." *Id.* § 46.2-1212.1(C). The operator's right to costs—and the owner's obligation to reimburse them—are framed in absolute terms. Section 46.2-1209, by contrast, is more conditional. It provides only that an owner must pay the costs of removal or storage "[b]efore obtaining possession" of the vehicle, trailer, or combination. *Id.* § 46.2-1209(B).

A neighboring provision on attorney's fees, § 46.2-1231.2, provides further evidence that § 46.2-1209 does not create a private cause of action. Section 46.2-1231.2 authorizes a towing and recovery operator to recover attorney's fees and costs in civil actions brought under § 46.2-1212.1, § 46.2-1217, and § 46.2-644.03. *Id.* § 46.2-1231.2. The omission of § 46.2-1209 from that list of statutory actions in which attorney's fees are recoverable does not necessarily mean that a private cause of action is unavailable under § 46.2-1209. At the very least, though, the attorney's fees provision reinforces that other sections of Title 46.2 expressly authorize civil actions for damages. There is no evidence that the General Assembly intended to do the same in § 46.2-1209. *See First Am. Title Ins. Co. v. W. Sur. Co.*, 722 S.E.2d 637, 640 (Va. 2012) (holding that a statute did not create an implied private cause of action because "the General Assembly has clearly provided for private causes of action [in similar statutes] where it has intended to do so").

Because I-81 does not offer any "palpable" or "demonstrable evidence" that § 46.2-1209 creates an implied private cause of action, *Cherrie*, 787 S.E.2d at 858, the court will grant Felher and MVT's motions to dismiss I-81's claims under that statute.

   i. *Va. Code § 46.2-1212.1*

MVT also moves to dismiss I-81's claim under § 46.2-1212.1.[3]  It argues that the statute does not make a trailer owner liable for the costs of recovering, towing, and storing a tractor-trailer combination.  (MVT Reply at 4–5.)  According to MVT, two features of the statute support its position.  First, it notes that the reimbursement requirement in § 46.2-1212.1(C) applies to the owner of the removed "vehicle, cargo, or personal property," without any reference to the owner of a trailer.  (*Id.* at 4.)  Second, it points out that the statute imposes the reimbursement requirement on a singular "owner," which creates ambiguity about the scope of liability in a case involving a tractor-trailer combination.  (*Id.*)

As an initial matter, the court finds that a trailer qualifies as a "vehicle" under § 46.2-1212.1(C).  Title 46.2 provides separate definitions for "vehicle" and "motor vehicle."  The term "vehicle" is defined broadly as "every device in, on or by which any person or property is or may be transported or drawn on a highway, except personal delivery devices and devices moved by human power or used exclusively on stationary rails or tracks."  Va. Code Ann. § 46.2-100.  Unlike the definition of "motor vehicle," the definition of "vehicle" does not

---

[3] Felher's motion to dismiss does not address I-81's claim under Va. Code § 46.2-1212.1. (*See* Felher Demurrer ¶¶ 16–21.) At the hearing on the motions, Felher argued for the first time that § 46.2-1212.1 does not create a private cause of action. It is generally improper to raise an argument for the first time at oral argument. *See, e.g.*, *Sealed Plaintiff 1 v. Front*, No. 3:22-cv-00670, 2024 WL 3642414, at *6 n.6 (E.D. Va. Aug. 2, 2024). Even if the court considered Felher's belated argument challenging the § 46.2-1212.1 claim, the argument is unpersuasive. As the court has noted, there is ample evidence that a towing and recovery operator may bring a civil cause of action to recover costs under § 46.2-1212.1. *See* Va. Code Ann. § 46.2-1231.2.

impose a self-propulsion requirement. *See id.* Because a trailer is a device that may transport a person or property on a highway, it unambiguously falls within the definition of "vehicle."[4]

As MVT points out, the reimbursement requirement in § 46.2-1212.1(C) applies to a singular "owner and carrier . . . of the vehicle, cargo, or personal property removed." *Id.* § 46.2-1212.1(C). That language is less specific than the liability provision in § 46.2-644.01(F), which distinguishes between the owner of a tractor truck and the owner of a trailer. MVT argues that § 46.2-1212.1(C) is ambiguous as to which owner(s) must reimburse a towing and recovery operator for costs related to a tractor-trailer combination. (MVT Reply at 4.) MVT asks the court to resolve that ambiguity by reading § 46.2-1212.1(C) *in pari materia* with § 46.2-644.01(F), such that the tractor truck owner is the only party directly liable for reimbursing costs. (*Id.* at 4–5.)

Under Virginia law, related statutes are read "in pari materia in order to give, when possible, consistent meaning to the language used by the General Assembly." *Va. Polytechnic Inst. v. Interactive Return Serv., Inc.*, 626 S.E.2d 436, 439 (Va. 2006). "[T]he general rule is that statutes may be considered as *in pari materia* when they relate to the same person or thing, the same class of persons or things or to the same subject or to closely connected subjects or objects." *Lucy v. Cnty. of Albemarle*, 516 S.E.2d 480, 485 (Va. 1999) (quoting *Prillaman v. Commonwealth*, 100 S.E.2d 4, 7 (Va. 1957)). "Statutes which have the same general or common purpose or are parts of the same general plan are also ordinarily considered as *in pari materia*."

---

[4] The statutory definition of "trailer" underscores this point. A "trailer" is defined as "every *vehicle* without motive power designed for carrying property or passengers wholly on its own structure and for being drawn by a motor vehicle." *Id.* (emphasis added). The statute also includes a definition for "semitrailer," which refers to "every *vehicle* of the trailer type so designed and used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests on or is carried by another vehicle." *Id.*

*Id.* (quoting *Prillaman*, 100 S.E.2d at 7). The court agrees that it should consider § 46.2-1212.1 and § 46.2-644.01 *in pari materia*. Both statutes appear in Title 46.2 and create enforceable rights for an operator to recover costs related to the towing, recovery, and/or storage of a vehicle.

Applying the *in pari materia* canon, the court concludes that the tractor truck owner is the sole "owner" directly liable for reimbursing the costs of removing and disposing of a tractor-trailer combination under § 46.2-1212.1(C). The tractor truck owner then may seek contribution from the owner of the trailer. This reading harmonizes § 46.2-1212.1(C)'s reimbursement obligations with those in § 46.2-644.01(F), which apply to all liens involving a tractor-trailer combination. None of the language in § 46.2-1212.1(C) suggests that it departs from § 46.2-644.01(F)'s method of apportioning liability. As MVT notes, the reference to the "owner and carrier . . . of the vehicle, cargo, or personal property" in § 46.2-1212.1(C) is ambiguous as to the scope of liability in a case involving a tractor-trailer combination. Given the relationship between the two statutes, the court will resolve that ambiguity by aligning § 46.2-1212.1(C) with § 46.2-644.01(F).

Because only the tractor truck owner is directly liable for reimbursement under § 46.2-1212.1(C), the court will grant MVT's motion to dismiss I-81's claim under that statute.

### C. Unjust Enrichment

Lastly, Count III of the complaint alleges a claim for unjust enrichment. (Compl. ¶¶ 47–53.) Under Virginia law, a cause of action for unjust enrichment is available only in the absence of an express contract. *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988). To establish unjust enrichment, the plaintiff must show that "(1) the plaintiff conferred

a benefit on the defendant; (2) the defendant knew of the benefit and should reasonably have expected to repay the plaintiff; and (3) the defendant accepted or retained the benefit without paying for its value." *James G. Davis Constr. Corp. v. FTJ, Inc.*, 841 S.E.2d 642, 650 (Va. 2020). Recovery for unjust enrichment claims is "limited to the benefit realized and retained by the defendant." *T. Musgrove Constr. Co. v. Young*, 840 S.E.2d 337, 341 (Va. 2020).

The complaint alleges that I-81 is entitled to recover $71,822.95 in damages under an unjust enrichment theory. (*See* Compl. ¶ 53.) MVT and Felher argue that those damages exceed the benefit they realized and retained as a result of I-81's services—and thus are not recoverable in a claim for unjust enrichment. (MVT Demurrer ¶¶ 17–28; Felher Demurrer ¶¶ 22–29.) The court need not resolve that issue at this stage of the proceedings. "[T]he motion to dismiss stage is not the appropriate phase of litigation to challenge [a plaintiff's] damages calculation." *Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC*, No. 7:11-cv-00025, 2012 WL 1598130, at *6 (W.D. Va. May 4, 2012); *see also DCG & T ex rel. Battaglia/Ira v. Knight*, 68 F. Supp. 3d 579, 588 (E.D. Va. 2014) ("[A] complaint need not plead damages with specificity to survive a Rule 12(b)(6) motion to dismiss."). Thus, courts considering motions to dismiss unjust enrichment claims "have generally required only sufficient allegations for the court to infer that the plaintiff provided a benefit that enriched the defendant; courts have not required facts claiming specific damages with a reasonable degree of certainty." *Hains v. Adams*, No. 3:19-cv-504, 2019 WL 5929259, at *11 (E.D. Va. Nov. 12, 2019). Factual development is necessary to determine the precise measure of damages I-81 may recover under an unjust enrichment theory.

In its reply brief, MVT expands its challenge to the unjust enrichment claim, arguing that I-81's complaint fails to allege enough facts in support of the necessary elements. (*See* MVT Reply at 5–7.) MVT did not make that argument in its motion to dismiss, and the court reminds MVT that "new arguments cannot be raised in a reply brief before the district court." *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 531 (4th Cir. 2022) (internal quotation marks omitted). In any event, the complaint includes sufficient factual allegations to support each element of unjust enrichment. I-81 alleges that it recovered and towed the tractor-trailer in response to the TRIP order and that Defendants never paid the invoices for the services I-81 performed. (*See* Compl. ¶¶ 10–11, 17–20, 51.) Those allegations support a reasonable inference that I-81 conferred a benefit on Defendants, that Defendants were aware of the benefit and should reasonably have been expected to repay I-81, and that Defendants retained the benefit without compensating I-81.

For these reasons, the court will deny MVT and Felher's motions to dismiss the unjust enrichment claim.

## IV. Conclusion

For the foregoing reasons, the court will **GRANT in part** and **DENY in part** Defendants' motions to dismiss. The court will **GRANT** the motions to dismiss as to the claim against both Defendants under Va. Code § 46.2-1209, the claim against MVT under Va. Code § 46.2-1212.1(C), and the claim under Va. Code § 46.2-644.01 to the extent it seeks to recover damages from MVT. The court will **DISMISS** those claims **without prejudice**. The court will **DENY** the motions to dismiss as to the remaining claims.

An appropriate Order will issue.

**ENTERED** this 28th day of August, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE